IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JORDANA BARTLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-518-BH-M |
| ) | |
| ALLSTATE INSURANCE CO. et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion (Doc. 6) to Remand. Defendants have filed Responses (Docs. 12 & 13) to the motion and, subsequently, Plaintiff has Replied (Doc. 17) to Defendants' responses.

**FACTS**

Plaintiff initially filed her Complaint in the Circuit Court of Mobile County asserting three claims against Defendants. (Doc. 1-3, p. 1-5). First, she alleges that Allstate has breached a homeowner's insurance contract with her by not covering certain damage to her home. *Id*. at 3. Further, Plaintiff also claims that Allstate violated its legal duty to exercise good faith and fair dealings in the performance of the aforementioned insurance policy by denying her claim without any arguable basis for doing so. *Id*. Plaintiff's third claim is against John E. Brown, her Allstate insurance agent, for negligence in failing to procure adequate insurance coverage for the damaged property. *Id*. at 4. Subsequently, Allstate, a foreign corporation organized and existing under the laws of the state of Illinois and with its principal place of business in Illinois, removed the matter to this Court. Both Defendants claim that although Defendant Brown is an Alabama citizen, he was fraudulently joined, thus creating diversity jurisdiction. (Doc. 1). Defendants

base their removal on the allegation that Plaintiff cannot possibly establish her cause of action against Brown for negligent and/or wanton failure to procure and/or maintain Plaintiff's Allstate homeowner's insurance policy. (Doc. 1). Plaintiff now motions the Court to remand this case back to the Circuit Court of Mobile County asserting that Brown was not fraudulently joined, rather, the cause of action against him is a colorable claim against a non-diverse defendant. (Doc. 6). The Court agrees with Plaintiff and her motion to **Remand is due to be GRANTED**.

**LEGAL ANALYSIS**

Under federal statute, this Court may hear any case over which it has original jurisdiction. 28 U.S.C. §1441(a) & (b). However, the party seeking removal carries the burden of establishing federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In the instant case, Defendants have alleged federal jurisdiction based upon diversity of citizenship and amount in controversy. In order to support federal diversity jurisdiction, defendants must show complete diversity between plaintiffs and defendants and an amount in controversy exceeding $75,000. 28 U.S.C. §1332. On the face of the Complaint, Plaintiff Bartlett and Defendant Brown are non-diverse, as both are Alabama citizens. However, Defendants allege that removal is still proper because the joinder of the non-diverse Brown was fraudulent. Under the judicially created doctrine of Fraudulent Joinder, an action may be removed to federal jurisdiction despite non-diverse parties when there is no possibility that the plaintiff can prove an action against the non-diverse defendant.[1] *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.

---

[1] Though not argued in this matter, there are two other instances in which the fraudulent joinder doctrine is applicable: 1) When there is outright fraud in the plaintiff's pleadings of jurisdictional facts

1998)(citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)).

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (citing *Coker*, 709 F.2d at 1440-41). In the instant case, Defendants claim that Plaintiff cannot possibly prove its action against Brown. They assert that Brown did procure an insurance policy for Plaintiff and that it was in full force and effect at the time of the alleged peril. This alone, they proffer, establishes that there is no possibility that plaintiff could establish a cause of action again Brown. The Court disagrees.

As Plaintiff has pointed out, Alabama law provides that an insurance agent may be held liable for wrongful procurement where he procured a policy, but that policy did not provide the "complete and adequate" coverage desired by the insured. *Crump v. Greer Brothers, Inc.*, 336 So.2d 1091 (Ala. 1976). Despite contentions to the contrary, Defendants have offered no evidence that the rule of law espoused in *Crump* does not apply here. Though the fact scenario in *Crump* did involve a relatively complex commercial policy, there does not seem to be any supporting authority indicating that a negligent failure to procure claim cannot be supported by allegations that an insurance agent failed to acquire expected or agreed upon coverage over certain perils for his client. The Court further notes, simply because Plaintiff asserts that there was a valid policy in place and that it covered the alleged damage, does not mean she cannot claim, in the alternative, that if such damage was not covered, then Brown is liable for negligent failure to adequately procure the necessary coverage.

---

and 2) A diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1983).

The Court finds that Defendant Brown was not fraudulently joined in this matter. Therefore, the Court finds that diversity of citizenship does not exist and federal jurisdiction is improper. Plaintiff's Motion (Doc. 6) to Remand is **due to be and hereby GRANTED**. This matter is **hereby REMANDED** to the Circuit Court of Mobile County.

**So ORDERED**, this 7th day of November, 2005.

                                                                                      s/ W. B. Hand
                                                                     SENIOR DISTRICT JUDGE